UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDIE DIAZ,

                Petitioner,

    -against-

ROY GIRDICH,

                Respondent.

04 Civ. 5061 (RJH)

**MEMORANDUM OPINION AND ORDER**

On June 1, 2005, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending that the Court deny petitioner Eddie Diaz's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking an order vacating a judgment of conviction. Following the Report's release, the Court received a letter from petitioner dated July 6, 2005, requesting an extension for the filing of objections. The Court granted the extension application on July 13, 2005, and subsequently received Diaz's objections to the Report in a letter dated August 18, 2005.

The district court adopts a Magistrate Judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *See Nelson*, 618 F. Supp. at 1189. If,

however, the party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Sanchez v. Dankert*, No. 03 Civ. 2276 (LTS), 2004 U.S. Dist. LEXIS 3716, 2004 WL 439502, at *1 (S.D.N.Y. Mar. 9, 2004); *accord Johnson v. City Univ. of New York*, No. 00 CV 4964 (WK), 2003 U.S. Dist. LEXIS 10615, 2003 WL 21435469, at *1 (S.D.N.Y. June 19, 2003); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). "If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (internal quotation marks and citations omitted).

   Diaz prefaces his objection with a detailing of the difficulties associated with appearing pro se. The Court acknowledges those difficulties and is consequently quite careful to fulfill its obligation "to construe his pleadings liberally, particularly when they allege civil rights violations." *Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir.2004). Nevertheless, the Second Circuit has said that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (quotation omitted). Following the prefatory statements, petitioner offers the following single-sentence objection: "I object to everything." This general objection is a "merely perfunctory" response presented in a manner that would "engage the district court in a rehashing of the same arguments set forth in the original petition," producing a reduction of "the magistrate's work to something akin to a meaningless dress rehearsal." *See Vega v. Artuz*, No. 97 Civ. 3775 (LTS), 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (quotation

omitted). As such, the nature of this objection warrants the "clear error" standard. *See Sanchez*, 2004 U.S. Dist. LEXIS 3716, 2004 WL 439502, at *1 (reviewing for clear error where objections were "conclusory"); *Renelique v. Doe*, No. 99 Civ. 10425 (LTS), 2003 U.S. Dist. LEXIS 23189, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (reviewing for clear error where objections merely "reiterate[ed] the arguments he raised in opposition to the motions that are the subject of the Report"). For the reasons described in the Report, the petitioner has not shown that the state Appellate Division's decision to reject Diaz's claims was either contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254 (d).

The recommendation of Magistrate Judge Gabriel W. Gorenstein is adopted and the petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. The petitioner has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See Tankleff v. Senkowski*, 135 F.3d 235, 241 (2d Cir. 1998). The Court also finds pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss this petition.

SO ORDERED.

Dated: New York, New York
       January 18, 2007

Richard J. Holwell
United States District Judge